Sean D. Beatty (Bar No. 155328)
John W. Myers IV (Bar No. 179975)
jmyers@beattymyers.com
Amanda S. Webber (Bar No. 351027)
awebber@beattymyers.com
BEATTY & MYERS, LLP
444 W. Ocean Boulevard, Suite 900
Long Beach, California 90802
Telephone:  (562) 606-1530
Fax:        (562) 268-1141

Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCO ANTONIO RUIZ MEDINA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL BY DEFENDANT PURSUANT TO 15 U.S.C. §§ 2301 ET SEQ.**<br><br>Action Filed: January 8, 2026<br>Trial Date: Not Set |

TO PLAINTIFF MARCO ANTONIO RUIZ MEDINA AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 15 U.S.C. §§ 2301 et seq., defendant Toyota Motor Sales, U.S.A., Inc. ("TMS"), by and through its undersigned counsel, gives notice that it is removing this action, entitled *Marco A. Ruiz Medina v. Toyota Motor Sales, U.S.A., Inc.,* Case no. 26TRCV00067, currently pending in the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.  The United States District Court for the Central District of California has original jurisdiction over this action pursuant to 28 U.S.C. § 1441(a), and this action may be removed

TMS2512673\PLEADINGS\FEDERAL\RPET01

1

NOTICE OF REMOVAL BY DEFENDANT PURSUANT TO 15 U.S.C. §§ 2301 ET SEQ.

to this Court pursuant to 28 U.S.C. §1446(a), because the action is currently pending in the California Superior Court for the County of Los Angeles.

## PROCEDURAL FACTS

1. On January 8, 2026, Plaintiff Marco Antonio Ruiz Medina filed a Complaint against TMS ("Defendant") in the Superior Court of the State of California, County of Los Angeles, entitled *Marco Antonio Ruiz Medina v. Toyota Motor Sales, U.S.A., Inc.,* and identified as Case No. 26TRCV00067. Attached as **Exhibit A** is a true and correct copy of the Complaint. TMS filed an answer to the Complaint on February 10, 2026. Attached as **Exhibit B** is a true and correct copy of the Answer.

2. The Superior Court of California, County of Los Angeles is located within the geographical boundaries of the United States District Court for the Central District of California, Western Division. See 28 U.S.C. § 84(c)(2); 28 U.S.C. § 1441(a).

3. In accordance with 28 U.S.C. § 1446(d), Defendant will serve plaintiff with a copy of this Notice of Removal, and the Notice of Filing of Notice of Removal and supporting papers it is filing with the Clerk of the Superior Court of California, County of Los Angeles.

## BACKGROUND FACTS

4. Plaintiff's "lemon law" action arises out of plaintiff's purchase of a 2023 Toyota Mirai XLE. Complaint, para. 8. Plaintiff alleges his vehicle has suffered from unspecified defects, including transmission failure and engine issues. Complaint, para. 10. Plaintiff alleges that TMS was unable to conform his vehicle to the applicable express warranty in violation of the federal Magnuson-Moss Warranty Act ("Magnuson-Moss"); and that TMS breached the implied warranty of merchantability under Magnuson-Moss. Complaint, paras. 12, 14, 33-42. Plaintiff does not allege that he sustained any personal injuries in connection with the alleged defects.

**TIMELINESS OF REMOVAL**

5. Pursuant to 28 U.S.C. §1446(b), Defendant files this Notice of Removal within thirty days of service of the Summons and Complaint. In *Destfino v. Reiswig* (9th Cir. 2011) 630 F.3d 952, the Ninth Circuit of the United States Court of Appeals held that "each defendant is entitled to thirty days to exercise his removal rights after being served." *Id.* at 956. Plaintiff served TMS with the Summons and Complaint on January 14, 2026. The thirtieth day would be February 13, 2026. TMS filed this Notice of Removal within thirty days after being served. Defendant, therefore, has timely removed this action.

**STATEMENT OF CONSENT**

6. As evidenced below, TMS consents to the removal. TMS is not required to investigate the identity of the unnamed Doe defendants or obtain their consent for removal. *See Necombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91; 28 U.S.C. § 1441(a). As noted above, the dealership defendant has already been dismissed from the case. See Exhibit C.

**REMOVAL BASED ON FEDERAL QUESTION JURISDICTION AS PLAINTIFF STATES CLAIMS ARISING UNDER FEDERAL LAW**

7. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

8. An action "arises under" federal law, within the meaning of §1331, if federal law creates the cause of action and/or grants federal jurisdiction to hear the case. *Empire Healthchoice Assur., Inc. v. McVeigh* (2006) 547 U.S. 677, 690. The "arising under" cause of action is satisfied whenever federal law creates the cause of action, expressly or impliedly. Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (i.e., "supplemental") to at least one substantial federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan* (6th Cir. 1995) 52 F.3d 1395.

9. Here, federal law expressly creates some of the claims brought by plaintiff. Plaintiff alleges, among other things, that he has suffered damages because TMS breached express and implied warranty obligations under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. The Magnuson-Moss Warranty Act (codified at 15 U.S.C. 2301, et seq.) is a federal statute that governs warranties on consumer products. Plaintiff's claims under the Magnuson-Moss Warranty Act are expressly created by a federal statute, and thus arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, this Court has original jurisdiction over such claims.

10. The amount in controversy requirement imbedded in Magnuson-Moss is easily met here for this vehicle. Plaintiff made a down payment on the subject vehicle of $4,000 and signed a contract obligating him to make 71 monthly loan payments of $491.19, with one final loan payment of $490.91. **Exhibit C**. Altogether, that means plaintiff agreed to pay $39,365.40 for the vehicle, over the life of the loan. Plaintiff alleges his entitlement to restitution and reimbursement of the price paid for and/or owed for the subject vehicle, plus a civil penalty of two times his actual damages, plus attorney's fees and costs, totaling a minimum of $118,096.20 in potential restitution and civil penalty alone. See Complaint, paras. 15, 25, 31-32, 37, 42. By any measure, the potential damages far exceed the $50,000 amount in controversy requirement.

11. The Court should exercise supplemental jurisdiction over the remaining state warranty/consumer protection causes of action under the California Song-Beverly Consumer Warranty Act and the California Consumers Legal Remedies Act. They are related to the same vehicle/warranty, the same defect allegations, and the same vehicle service/repair history as the Magnuson-Moss Warranty Act claims. *See* 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons* (1997) 522 U.S. 156, 165.

12. By filing this Notice of Removal, TMS does not waive, either

1  expressly or impliedly, any defense, affirmative defense, or motion that may be
2  available or concede that plaintiff is entitled to any of the damages he claims.  As
3  noted above, TMS has filed an answer in the State Court, generally denying the
4  allegations in the Complaint and asserting affirmative defenses.  A copy is attached
5  as **Exhibit B**.

6        13.    **WHEREFORE**, defendant TMS removes this action from the
7  Superior Court, in and for the County of Los Angeles, California, to the United
8  States District Court for the Central District of California.

9        14.    **TMS FURTHER REQUESTS A JURY TRIAL**.

Dated: February 12, 2026

BEATTY & MYERS, LLP

_____
SEAN D. BEATTY
JOHN W. MYERS IV
AMANDA S. WEBBER
Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.